IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| } | |
| v. } | |
| } | Cr. No. 1:04cr106GuRo |
| RICHARD A. MAZUR } | |
| } | |

### MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* REGARDING TESTIMONY OF PROBATION OFFICER

COMES NOW, the Defendant, Richard A. Mazur, through counsel and pursuant to Rule 404(b) and Rule 403 of the Federal Rules of Evidence and pursuant to the Fifth Amendment of the United States Constitution moves this court to enter an order excluding evidence and testimony of defendant's supervised release and any statements made by Dr. Mazur to United States Probation Officer Kurt Raymond. The defendant further asks this court to make record findings regarding the probative value/prejudicial effect of the proposed evidence as specifically called for in *United States v. Robinson*, 700 F. 2d 205 (5th Cir. 1983).

### ARGUMENT AND AUTHORITIES

A. Reference to Dr. Mazur being under supervision of the U.S. Probation Officer should be excluded as the prejudice resulting from the conviction outweighs its probative value.

Rule 403 of the Federal Rules of Evidence provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice (or) confusion of the issues."

Taking into account the potential for unfair prejudice and the lack of any need for this evidence, the court should exclude any Rule 404(b) evidence. Even if the conviction is somehow

marginally relevant to the instant charge, the evidence should nonetheless be excluded as the jury's knowledge that Dr. Mazur was under supervision would tend to unfairly prejudice the jury against Dr. Mazur.

B. Testimony of U.S. Probation Officer Kurt Raymond should be excluded as any statements made by Dr. Mazur to Officer Raymond that would be used against him at trial violates the Fifth Amendment to the U.S. Constituation.

U.S. Probation Officers are law enforcement officers. Statements made by Dr. Mazur to Officer Raymond during the course of supervision without Dr. Mazur being afforded of his right to remain silent violates the Fifth Amendment to the U.S. Constitution. Information divulged to law enforcement by Officer Raymond violates the policies and procedures (Pretrial Services Manual) in that disclosure should be limited to the offender's identifying information unless further authorization is obtained from the court. (Exhibit A)

## CONCLUSION

Defendant moves this Court to enter an order precluding U.S. Probation Officer Kurt Raymond from testifying.

Respectfully submitted this the 4th day of January, 2005.

S. DENNIS JOINER
Federal Public Defender

By: _____
John W. Weber II, MSB#101020
Assistant Federal Public Defender
Southern District of Mississippi
2510 14th Street, Suite 102
Gulfport, MS 39501
Phone: (228)868-3045
*Attorney for Defendant*

## NOTICE OF MOTION

This Motion will be brought on for hearing as soon as this counsel can be heard. Respectfully submitted this the 4th day of January, 2005.

John W. Weber, III
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John W. Weber, III, do hereby certify that I have this day mailed by United States Mail, postage prepaid, a true and correct copy of the foregoing Motion *in Limine* Regarding the Testimony of the U.S. Probation Officer to:

Honorable Dunn Lampton, United States Attorney
c/o his assistant, John A. Meynardie
1575 20th Avenue
Gulfport, Mississippi 39530

**SO CERTIFIED**, this the 4th day of January, 2005.

JOHN W. WEBER, III



Contact J-Net | Site Map | A - Z Index    All of J-Net

Peo|
Last Name
First Name

October 20, 2004

Home > Probation and Pretrial Services > Legal Opinions and Articles > Disclosure > Report to Law Enforcement

**Often Used**
**Policy & Guidance**
  Guide, Vol 10, Probation
  Guide, Vol 12, Pretrial Services
  Legal Opinions and Articles
  Monographs
**Tech Programs**
**Information About**
**Working with...**
**Related Sites**
**Contacts**

## Report to Law Enforcement

June 2, 1998

Mr. Tim Searcy
U.S. Probation Officer
United States District Court
A-725 U.S. Court House
Nashville, TN 37203-3862

Dear Mr. Searcy:

You requested this office review your district's Criminal Intelligence Report (CRI), which discloses to local law enforcement an offender's physical description, residen employer, supervision information, photograph, known criminal associates, and risk factors, and advise of any legal concerns. The CIR is intended to be issued to local enforcement in cases where an offender poses the greatest risk of criminal recidivis however, it remains unclear what objective standard will be used to make that determination. In our view, the proposed CIR may be used in probation and supervi release cases provided you employ reasonably precise criteria for determining whic offenders will be covered and you obtain prior approval of your court.

The position of the Office of the General Counsel has always been that pretrial services, presentence, probation, and supervised release information is confidential and limited disclosure of that information is permitted under certain circumstances. See, *Guide to Judiciary Policies and Procedures*, Vol. XII (Pretrial Services Manual) Chapter III, and *Guide to Judiciary Policies and Procedures*, Vol. X (Probation Manual), Chapter IV(D). Aside from disclosures consistent with the requirements of U.S.C. § 4042(b) and federal mandated sex offender notification (effective Novemb 26, 1998), probation officers should only disclose limited information to law enforcement agencies. Specifically, disclosure should be limited to the offender's identifying information unless further authorization is obtained from the court. Proba Manual, Chapter IV(D)(1). As you correctly noted, close coordination with local law enforcement agencies can be quite beneficial in the supervision of defendants and offenders. These types of investigatory disclosures to law enforcement agencies ca assist officers in effectively monitoring the offender. Publication 106, Administrative Office of the United States Courts, *The Supervision Process* 36 (1983).

We believe the proposed CIR includes the kind of identifying information that may b disclosed to law enforcement agencies without offending the policy of confidentiality court and probation records. However, we have several specific suggestions regard the proposed CIR.

For purposes of pretrial services, the Pretrial Services Manual, Chapter III, Part A(5 (G) permits disclosure of information to law enforcement for investigation of a crime investigation of a failure to appear, investigation of a conditional release violation, o for the protection of others where an arrest is contemplated. Consequently, a simila

*EXHIBIT A*

CIR could be created and utilized on a case by case basis where one or more of the purposes are met and disclosure of identifying and status information is necessary.

In probation supervision cases, a determination should be made whether a CIR will disclosed to law enforcement for every offender. If disclosure is intended for only certain types of offenders, concrete criteria should be used to establish the objective threshold to ensure consistency and fairness. For example, the Risk Prediction Inde (RPI) could be a useful tool.

The Known Criminal Associate section has the potential to be misleading or misuse therefore, it should be amended to reflect only known codefendants.

The Assistance Requested section should be amended as follows: the first sentenc should read, "The subject **of** this . . . currently **under federal supervision**."; and the second to the last sentence should end with, " . . . without permission of the U.S. Courts."

Although, as noted above, most of the information contained in the CIR goes to the identity of the offender, the CIR represents a significant change from past district practice. Accordingly, it is recommended the CIR form and a specific plan for its intended use be presented to the court for approval.

I hope my response has been helpful and informative. Please advise if further assistance is necessary.

Sincerely,

Curtis Stevens

U.S. Probation Officer/Counsel