SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 30 2005
J. T. NOBLIN, CLERK
BY ______ DEPUTY

# Memorandum

| Subject | Date |
|---|---|
| U.S. v. Richard A. Mazur<br>Criminal No. 1:04cr106GuRo | March 28, 2005 |
| To: | From: |
| John W. Weber, III, Esq.<br>Attorney at Law | John A. Meynardie<br>Assistant U.S. Attorney |

## MEMORANDUM OF UNDERSTANDING

It is understood and agreed by and between the United States of America (herein called government), Richard A. Mazur (herein called defendant) and defendant's attorney, John W. Weber, III (herein called attorney) that:

1. If the defendant enters a plea of guilty to Count 1 of the Indictment in Criminal No. 1:04cr106GuRo, charging a violation of Section 841(a)(1), Title 21, United States Code, ~~being possession with intent to dispense a controlled substance~~ Dispensing a controlled substance for an unlawful purpose, and if he fully cooperates with the Government concerning any illegal activities of which he has knowledge as specified in paragraph 9;

2. Thereafter, the United States Attorney will recommend that the Court accept the defendant's plea of guilty, and, as to sentencing, the Government will do the following:

a) Recommend the Court impose a sentence within the lower 25% of the applicable sentencing guidelines range, and move to dismiss the remaining counts against the defendant.

b) The United States reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the defendant and his background. It is further understood that the government reserves the right to speak at sentencing concerning the extent of cooperation, if any provided, by defendant prior to sentencing and in response to any possible misstatements by defendant or his counsel regarding either the factual basis for the plea or in mitigation of sentence.

c) The Government recommends that the defendant receive a two-level downward departure for acceptance of responsibility

3. It is understood that, as of the date of this Memorandum, the defendant and his attorney have indicated that the defendant desires to plead guilty as described above.

4. It is further understood that the Court, in accord with the principles of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, is not required to accept the recommendation of the U.S. Attorney, but may sentence the defendant to the maximum fine and imprisonment as provided by law, and the Government has no other obligation in regard to sentencing than as stated in Paragraph No. 2.

5. It is further understood in sentencing, the Court will be required to take into account, but is not bound by, the Federal Sentencing Guidelines Act and that the defendant and his attorney have discussed the application of the Act to defendant's case. The defendant specifically acknowledges that he is not relying upon anyone's calculation of a particular guidelines range for the offense in entering this plea and recognizes that he may be sentenced to the maximum penalties set forth herein.

6. It is further understood that the United States Attorney agrees that information provided by the defendant as a result of his obligation to cooperate under this agreement will not be used against defendant in determining the applicable sentencing guideline range as provided in Section 1B1.8 of the Sentencing Guidelines.

It is further provided that the penalty that may be imposed for a violation of Section 841(a)(1), Title 21, United States Code, as charged in the Indictment, is not more than 3 years imprisonment, a term of supervised release of at least 1 year, and a fine of $250,000.00. Defendant understands that, if a supervised release term is imposed, it will be in addition to any prison sentence he receives; further, if any of the terms of his supervised release are violated, the defendant can be returned to prison for the remainder of his supervised release term, without credit for any time already served on the term of supervised release prior to the defendant's violation of those conditions.

8. It is further understood and specifically acknowledged by the defendant that the consideration for the action by the Government herein is the defendant's representation, by execution

of this Memorandum of Understanding and otherwise, that the defendant both can and will carry out the terms and conditions herein.

9. It is further understood that the full cooperation referred to in Paragraph No. 1 includes: (1) immediate truthful disclosure of all matters involved in this matter to the appropriate federal agents; (2) disclosure of other matters involving possible violations of Federal law to the appropriate federal agency as directed by the United States Attorney; (3) testimony at trial(s) involving any matter arising from this matter; and (4) testimony before any grand jury or at any trial in this or any other district on any matter about which the defendant has knowledge and which is deemed pertinent to the United States Attorney.

If defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as substantial assistance under USSG § 5K1.1, which may (at the sole discretion of the government) warrant the filing of a downward departure motion at sentencing. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as substantial assistance pursuant to Fed.R.Cr.P. 35(b), which may (at the sole discretion of the government) warrant the filing of a motion for reduction of sentence after the imposition of sentence. In either case, the defendant understands and agrees that the determination as to whether he has provided substantial assistance rests solely with the government.

10. It is further understood that the United States Attorney, Southern District of Mississippi, will seek no further prosecutions of the defendant for any acts or conduct arising out of any event covered by Paragraph No. 1, if the defendant voluntarily, truthfully and completely discloses all information and knowledge that he has. Should the defendant not voluntarily and completely disclose, then as to that matter, the United States Attorney is free to seek prosecution of the defendant.

11. It is further understood that no information given by the defendant subsequent to and in response to this Memorandum of Understanding will be used against the defendant in any criminal case, except as described in Paragraph No. 2, and except in a prosecution for perjury, and except if

the defendant violates any provision of this Memorandum, particularly Paragraph No. 9, in which event it is specifically understood and agreed that all information given by the defendant, or derivatives thereof, shall be admissible in any proceedings against the defendant, including sentencing.

12. It is further understood that should defendant fail or refuse as to any part of this memorandum or commit any other crimes, the representations by the United States in paragraph Nos. 2, 10 and 11 above are rescinded, and the defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions of which the United States Attorney has not sought as a result of this Memorandum of Understanding.

13. It is further understood that this Memorandum does not bind any state or local prosecuting authorities or any other federal district except as to the use of the defendant's statements voluntarily given hereunder; further, this agreement does not bind the Attorney General of the United States in regard to any matter, civil or criminal, involving the tax statutes of the United States.

14. It is further understood and specifically agreed to by the defendant that the defendant will pay to the U.S. District Clerk's Office, at or before the time of sentencing, the special assessment fee of $100 per count, as required by Section 3013, Title 18, United States Code.

15. **Waivers** The Defendant, knowing and understanding all of the matters aforesaid including the maximum possible penalty that could be imposed, and being advised of his or her rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the United States Attorney's Office in this plea agreement **hereby expressly waives the above rights and the following:**

a. The right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, and

b. Expressly waives the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion

brought under Section 2255, Title 28, United States Code and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

c. Waives any right to seek attorneys fees and/or costs under the "Hyde Amendment," that is, Section 617 of Public Law 105-119, as codified in Section 3006A, Title 18, United States Code, and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

d. The Defendant further waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or by his representative under the Freedom of Information Act, set forth at 5 U.S.C. § 552, or the Privacy Act of 1974, at 5 U.S.C. § 552a.

The Defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorney in this agreement.

16. The defendant and his attorney understand that this is a case which involves potential restitution, fines, or a special assessment and that the collection of any restitution, fine, or special assessment will require regular contact with the defendant during the period of his incarceration, if any, and during any period of probation or supervised release. Further, the defendant and his attorney understand that it is essential that defense counsel contact the Financial Litigation Unit of the United States Attorney's Office immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent the defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. **If the United States Attorney's Office does not receive any written response from defense counsel within two weeks from the date of entry of the Judgment in this case, the United States Attorney's Office will presume that defense counsel no longer represent the defendant, and the Financial Litigation Unit will communicate directly with the defendant regarding collection of the financial obligations imposed by the Court.** The defendant and his attorney understand and agree

that such direct contact with the defendant shall not be deemed an improper ex parte contact with the defendant if defense counsel fails to notify the United States Attorney's Office of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

17. It is further understood that this Memorandum completely reflects all promises, agreements and conditions made by and between the United States Attorney for the Southern District of Mississippi and the Defendant.

WITNESS OUR SIGNATURES, this the 28th day of March, 2004.

DUNN LAMPTON
United States Attorney

BY: ______________________
JOHN A. MEYNARDIE
Assistant U.S. Attorney

______________________
RICHARD A. MAZUR
Defendant

______________________
JOHN W. WEBER, III, ESQ.
Attorney for Defendant