IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | 1:05CV336LG-JMR |
| | § | 1:04CR106LG-JMR |
| | § | |
| RICHARD MAZUR | § | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion of the Defendant, Richard Mazur, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Motion"). Because Mazur seeks relief pertaining to the manner in which his sentence is carried out and/or the prison authorities' determination of the duration of his sentence, the Court construes said Motion as one filed pursuant to 28 U.S.C. § 2241. After careful review and consideration of Defendant's Motion, pleadings and records on file, and the relevant legal authority, it is the opinion of the Court that the Motion should be denied for failure to exhaust administrative remedies.

FACTS AND PROCEDURAL HISTORY

On March 28, 2005, the Defendant, Richard Mazur, entered a plea of guilty to a charge of dispensing controlled substances without a valid medical reason. He was sentenced on June 20, 2005, to a 27 month term of imprisonment, one year supervised release, and a $100 mandatory special assessment. On July 11, 2004, Mazur filed a Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Sentence. The Government tendered a response in opposition on November 30, 2005.

Mazur's § 2255 Motion does not attack the June 20, 2005, sentence.[1] Instead, Mazur requests that his sentence include a mandatory drug and rehabilitation program so that his "ignorance may be corrected and my naivete counseled." *See* Defendant's § 2255 Motion at p. 9. The Government submits that Mazur is ineligible for the requested program. While a regulation of the Bureau of Prisons permits inmates to apply to voluntarily participate in the drug education program, §3.2(a)(2) B.O.P. Regulation 5330.10, the Government points to the fact that Mazur must have a "verifiable documented drug abuse problem" to be eligible for the program. *See* §5.4.1(a)(1) B.O.P. Regulation 5330.10.

## DISCUSSION

A federal prisoner must "exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241 unless such remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994). The petitioner bears the burden of showing the futility of exhaustion. *Id.; see also Montoya v. Fleming,* 121 Fed.Appx. 35, 36 (5th Cir. 2005). The BOP provides inmates a three-tiered administrative remedies process for complaints related to any aspect of confinement. 28 C.F.R. §§ 542.10-524.15. Mazur has failed to show that administrative remedies are unavailable. To the contrary, BOP regulations address the issue raised in the instant petition. "The Attorney General has vested the BOP with authority to determine issues related to the manner in which

---

[1] "This is not an adverse action on any petition but a request for medical help in the form of a mandated drug and rehabilitation program." §2255 Petition at p. 4.

sentences are to be carried out. *See* 28 C.F.R. § 0.96(g)." *Sanchez v. Federal Bureau of Prisons,* 2005 WL 195392, *2 (N.D. Tex. 2005).

28 U.S.C. § 2255 is not the appropriate tool to request inclusion in the Residential Drug Abuse Education Course. Defendant should direct his request to the BOP. Moreover, exhaustion of administrative remedies is a prerequisite to judicial review of a BOP decision pursuant to 28 U.S.C. § 2241. *See Mayberry v. Pettiford,* 74 Fed.Appx. 299 (5th Cir. 2003); *United States v. Garcia-Gutierrez,* 835 F.2d 585 (5th Cir. 1988).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion of the Defendant, Richard Mazur, which the Court construes as a Motion filed pursuant to 28 U.S.C. § 2241, filed July 11, 2005, [34-1] should be, and is hereby, **DENIED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

**SO ORDERED AND ADJUDGED** this the 8th day of December, 2005.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                UNITED STATES DISTRICT JUDGE